GENERAL CAR ADVERTISING COMPANY, INC., APPELLANT, V. WALKER H. BARNEBEY ET AL., APPELLEES.

FILED DECEMBER 18, 1936.   No. 29749.

*Howard Saxton* and *George E. Truman,* for appellant.

*Leon & White* and *Webb, Sheehan & Kelley, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and MESSMORE, District Judge.

MESSMORE, District Judge.

The district court for Douglas county overruled a motion to strike and to correct a judgment wherein said court included a stay of execution in said judgment, finding that execution should not issue without an order of the court made upon a showing that default had been made by Walker H. Barnebey in certain monthly payments provided for in a stipulation entered into between the parties to the action and relating to a judgment entered in the district court of the United States, for the district of Nebraska, Omaha division.   From this ruling appellant appeals.

In analyzing the authorities cited by appellant, this court

has no quarrel with the general principles of law contained therein. The sole question for our determination is whether or not the trial court had the right to stay the issuance of an execution under the terms of the judgment entered. The stipulation entered into is as follows: "It is hereby stipulated between the plaintiff and the defendants that the plaintiff acknowledges receipt of $500 paid on the judgment in this case, and will withhold issuing execution further if the defendants pay to Howard Saxton, attorney for plaintiff, $500 on or before the 22d day of December, 1933, without grace, and $100 monthly on or before the 8th day of each month beginning Jan. 8, 1934, without grace, until the full amount of this judgment and interest thereon and all costs in this case and in any other action or proceedings which have been or may be instituted to effect collection are paid.

"This stipulation shall be without prejudice to the right of the plaintiff to prosecute to judgment any action or proceeding now pending, or later to be instituted against the surety on the supersedeas bond herein, or against any or all of the defendants, provided no execution is levied on any final order or judgment obtained in such actions or proceedings, except in default of payments above mentioned.

"This stipulation shall not in any sense be considered as a novation nor as an attempt to change the status of the judgment or the obligations of any or all of the parties or the surety J. A. Gross for its payment as such obligations existed prior to the making of this stipulation."

That part of the judgment attached is as follows: "It is further ordered and adjudged that the plaintiff shall not issue execution upon the judgment herein against the defendant Jacob A. Gross, without an order of the court made upon a showing that default has been made by the defendant, Walker H. Barnebey, in certain monthly payments provided for in a stipulation entered into between the parties hereto and relating to the judgment entered in the district court of the United States, for the district

of Nebraska, Omaha division, said stipulation having been identified in the trial of this cause as exhibit number 4, to which said further order and judgment so pertaining to execution, the plaintiff excepts."

The original judgment was obtained in the federal court. This stipulation was dated December 12, 1933. The trial in the instant case on the supersedeas bond was had January 28, 1935. The stipulation formed a part of the evidence in this case. The journal entry was signed July 27, 1935. The motion to correct and strike from the judgment was filed July 30, 1935, and the order overruling said motion was filed under date of August 24, 1935.

The stipulation is a *bona fide* agreement between the parties. The court, recognizing the desires of the respective parties and to protect the interests of the litigants, in its discretion made the stipulation and condition a part of its judgment. The right to do so is supported by ample authority.

"Under the general supervisory powers over their process, all courts of common law have the power temporarily to stay execution on judgments by them rendered whenever it is necessary to accomplish the ends of justice. * * * The judgment itself may contain a stay of execution which may be conditional." 23 C. J. 521.

"But a judgment may order payment to be made out of a particular fund, when the contract of the parties contemplates the payment out of such fund, or may be adapted to the proportionate liabilities of the several defendants in the action, or in the case of a debt payable by instalments, the judgment may be so framed as to provide for its payment at successive periods, as the instalments fall due, or may order the payment of the amount presently due, with leave to plaintiff to take out execution for the succeeding instalments." 33 C. J. 1211.

It is apparent from the record that default has been made in the payments on such judgment and that the judgment creditor is entitled to have an execution issued. If appellant makes a further showing to the lower court that such

default has been made he would then be entitled to have execution awarded.

Appellee, Jacob A. Gross, has filed a cross-appeal herein. A careful reading of the contentions of cross-appellant and consideration of the points raised as alleged errors show such cross-appeal to be wholly without merit, and it is hereby dismissed.

The judgment of the lower court is

AFFIRMED.